1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHEIKH MUFTII EL'ALI,

11          Plaintiff,              No. 2:11-cv-0300 GEB JFM (PC)

12      vs.

13   C/O FRED GREER, et al.,

14          Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss pursuant to

18   Rule 12(b) of the Federal Rules of Civil Procedure.  Defendants contend that plaintiff failed to

19   exhaust administrative remedies prior to suit.

20          ALLEGATIONS OF THE COMPLAINT[1]

21          Plaintiff's complaint contains the following allegations.  On September 8, 2010,

22   defendant Correctional Officer F. Greer slammed plaintiff up against the wall, conducted a pat

23   down search, and confiscated from plaintiff a vial of "Muslim Prayer Oil."  Ex. A-1 to

24   Complaint, filed February 1, 2011, at 1.  Thereafter, defendant Greer released plaintiff to attend

25   _____

26          [1] This action is proceeding on plaintiff's original complaint, filed February 1, 2011.

an appointment with an audiologist.  On plaintiff's way back from the appointment, plaintiff
encountered defendant Greer and asked for return of his prayer oil.  Defendant Greer told
plaintiff he didn't know what plaintiff was talking about and instructed him to get in line for his
medications.  Defendant Greer went into the unit office.  Subsequently, he exited carrying a blue
slip of paper.  He approached plaintiff and said "I'm going to break you down all the way if not
physically." Id. at 2.  Greer reached around plaintiff and attempted to put the blue slip of paper
on top of a Holy Qur'an that was on top of plaintiff's walker seat pad.  As both plaintiff and
Greer reached for the Qur'an, Greer grabbed plaintiff's right wrist and violently pulled it off the
Qur'an.  As plaintiff attempted to protect the Qur'an, defendant Greer pulled, twisted and bent
plaintiff's right arm, elbow and shoulder, and slapped plaintiff into the day-room wall, causing
injury to plaintiff's left knee.  Another correctional officer approached and yelled to Greer to let
plaintiff up.  Defendant Greer then handcuffed plaintiff.  On September 14, 2010, plaintiff was
charged with battery on a peace officer, and on October 21, 2010, he was found guilty and
assessed 121 days of lost behavioral credit.

On March 3, 2010, defendant Kimbriel questioned plaintiff about the turban
plaintiff was wearing on his head, referring to it as a "rag."  Ex. A-2 to Complaint, at 1.  About
fifteen minutes later, defendant Kimbriel went to plaintiff's cell, ordered plaintiff and his cell-
mate out and began to trash the cell methodically.  Defendant Kimbriel read plaintiff's legal
work.  Defendant Kimbriel generated a false report against plaintiff for destruction of state
property.

On September 8, 2010, plaintiff was placed in administrative segregation
following the altercation with defendant Greer.  Plaintiff suffers from osteoarthritis with
hypertrophic arthritis in his right and left hands.  Ex. D to Complaint at 3.  This makes it very
painful for him to write by hand.  Defendants Singh, Bautista, and Arnold all knew that plaintiff
pursuing a possible civil rights claim for unlawful use of force and they conspired to separate him
from his electric typewriter, which was necessary to pursuit of the legal claim, by ordering a

1  senior hearing officer to find plaintiff guilty of the disciplinary charges and assess a loss of good

2  time credits against plaintiff.  Id. at 4.  Defendant Cheng refused to allow plaintiff to use a

3  computer or state-owned typewriter, and defendant Gibson found that a court order plaintiff had

4  from the United States District Court for the Central District of California providing that plaintiff

5  needed access to "writing materials" did not specify a typewriter as writing material.

6                                       DEFENDANTS' MOTION TO DISMISS

7            Defendants seek dismissal of this action on the ground that plaintiff failed to

8  exhaust administrative remedies for his claims prior to suit.

9            "Section 1997e(a) of Title 42 of the United States Code provides:

10           No action shall be brought with respect to prison conditions under
             [42 U.S.C. § 1983], or any other Federal law, by a prisoner
11           confined in any jail, prison, or other correctional facility until such
             administrative remedies as are available are exhausted.
12

13  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

14  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

15  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

16  requirement during the course of an action.  Id. at 1200.  Claims dismissed for failure to exhaust

17  administrative remedies should be dismissed without prejudice.  Id.

18           At all times relevant to this action,[1]

19           California's Department of Corrections provide[d] a four-step
             grievance process for prisoners who seek review of an
20           administrative decision or perceived mistreatment. Within fifteen
             working days of "the event or decision being appealed," the inmate
21           . . . ordinarily [was to] file an "informal" appeal, through which
             "the appellant and staff involved in the action or decision attempt
22           to resolve the grievance informally." Cal.Code Regs., tit. 15, §§
             3084.5(a), 3084.6(c). [Footnote omitted.] If the issue [was] not
23           resolved during the informal appeal, the grievant next proceed[ed]
             to the first formal appeal level, usually conducted by the prison's
24

25           [1]  The regulations governing inmate grievances were amended effective January 28, 2011
    and now provide for three levels of administrative review of inmate grievances, omitting the
26  informal level of review.  See Cal. Code Regs. tit. 15 § 3084.7.

                                                     3

1
2
3

Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c). Next [was] the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

4    Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)  Department regulations required that

5
6
(1) Informal level responses shall be completed within ten working days.

6
7
(2) First level responses shall be completed within 30 working days.

8
9
(3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).

10
11
(4) Third level responses shall be completed within 60 working days.

12    Cal.Code Regs., tit. 15, § 3084.6(b).   The time limits for reviewing appeals started on the date

13    the appeal was received by the appeals coordinator.  Cal.Code Regs., tit. 15, § 3084.6(a).

14              In support of their motion to dismiss, defendants have presented the following

15    evidence.

16              On September 14, 2010, plaintiff filed an inmate grievance arising from events on

17    August 8, 2010, in which he alleged he was assaulted by prison staff.[2]  See Declaration of W.

18    Sinkovich in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to

19    Exhaust Administrative Remedies, filed November 21, 2011 (Sinkovich Decl.) at ¶ 8 and Ex. B.

20    On November 10, 2010, plaintiff was informed that the allegations did not demonstrate a

21    violation of CDCR policy and that he could submit the grievance to the third and final level of

22    administrative review.  Id. at ¶ 8.  There is no evidence he did so.  Id.

23

24
25
26
[2]  According to the allegations of plaintiff's complaint, the events involving defendant Greer occurred on September 8, 2010.  It appears that plaintiff submitted an inmate grievance that was assigned Appeal Log No. CMF 10-2234, which refers to the events as occurring on September 8, 2010.  See Ex. A to Plaintiff's Objections in Opposition to Defendant's [sic] Motion to Dismiss the Civil Complaint Matter, filed January 30, 2012 (Plaintiff's Opposition).  Defendants also identify the grievance with this Appeal Log No.  See Sinkovich Decl. at ¶ 8.

4

1    On March 22, 2010, plaintiff submitted an inmate grievance from the events

2 giving rise to his claim against defendant Kimbriel.  See Ex. C to Sinkovich Decl.  That appeal

3 was denied at the first level of review on April 12, 2010 and withdrawn by plaintiff on May 17,

4 2010.  Id.  Plaintiff did not file any further grievances arising from theses events.  Sinkovich

5 Decl. at ¶ 9.

6    Plaintiff has not submitted any grievances concerning the events that form the

7 basis of his third claim.  Id. at ¶ 10.

8    In opposition to the motion, plaintiff contends that he timely submitted his

9 grievance concerning his claim against defendant Greer to the third and final level of review

10 following the November 10, 2010 decision at the final level of administrative review.  Plaintiff's

11 Opposition at 4.  None of the evidence tendered by plaintiff in opposition to the motion supports

12 this assertion.  See Exs. B, B-1, and C to Plaintiff's Opposition.

13    Plaintiff also contends that a correctional lieutenant "miscategorized" his

14 administrative grievance against defendant Kimbriel as a property claim, which precluded

15 plaintiff from pursuing his actual grievance against defendant Kimbriel for religious

16 discrimination.  Plaintiff's Opposition at 5-6.  This contention does not excuse plaintiff's failure

17 to exhaust administrative remedies with respect to his grievance against defendant Kimbriel, and

18 is belied by the evidence tendered by defendants showing that plaintiff withdrew the initial

19 grievance and stated his intention to refile it, which he never did.

20    Plaintiff contends that he did exhaust administrative remedies with respect to his

21 claim against defendants Arnold Bautista, Singh, but the evidence that he has tendered with his

22 opposition does not support that assertion.

23    Finally, plaintiff contends that he submitted an inmate appeal concerning

24 defendant Cheng and Gibson's denial of access to his personal typewriter.  The evidence shows

25 that plaintiff submitted this grievance to the informal level of review on January 27, 2011, three

26 days before he signed the original complaint in this action.  See Ex. E-1 to Plaintiff's Opposition.

1   As noted above, administrative exhaustion must precede the filing of a civil right action.  <u>See</u>

2   <u>McKinney v. Carey</u>, 311 F.3d at 1200.  Plaintiff did not exhaust his claim against defendants

3   Cheng and Gibson prior to filing this action.

4      For all of the foregoing reasons, this court finds that plaintiff failed to exhaust

5   administrative remedies for any of the claims raised in this action prior to suit.  For that reason,

6   the action must be dismissed without prejudice.

7      In accordance with the above, IT IS HEREBY RECOMMENDED that:

8      1.  Defendants' November 21, 2011 motion to dismiss this action be granted; and

9      2.  This action be dismissed without prejudice for failure to exhaust administrative

10  remedies prior to suit.

11     These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Any response to the objections shall be

15  filed and served within fourteen days after service of the objections.  The parties are advised that

16  failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: May 2, 2012.

19

20                              

21                UNITED STATES MAGISTRATE JUDGE

22  12

23  elal0300.mtd

24

25

26

                          6