IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEIKH MUFTII EL'ALI,

    Plaintiff,                      No. 2:11-cv-0300 GEB JFM P

    vs.

C/O FRED GREER, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 21, 2011, defendants filed a motion to dismiss this action for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b). Plaintiff opposed the motion, and on May 3, 2012, this court issued findings and recommendations recommending that the motion be granted.  In light of the July 6, 2012 decision of the United States Court of Appeals for the Ninth Circuit in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and good cause appearing, the findings and recommendations will be vacated and defendants' motion will be denied without prejudice to its renewal within thirty days from the date of this order.

        Pursuant to Woods and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby again informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P.

/////

1

12(b).[1]  Such a motion is a request that the court dismiss without prejudice any unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

On June 26, 2012, plaintiff filed a motion for a court order requiring prison officials to provide him with copies of his complaint.  Plaintiff contends that he is subject to a court order requiring him to "serve defendants by June 23, 2012."  Motion, filed June 26, 2012.  No such order has been made in this action.  For that reason, plaintiff's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 3, 2012 are vacated;

2. Defendants' November 21, 2011 motion to dismiss is denied without prejudice to its renewal within thirty days from the date of this order;

---

[1] The court first gave plaintiff this notice in an order filed August 23, 2011.

2

3. Should defendants choose to renew their motion to dismiss, they shall serve on plaintiff all documents filed as part of the renewed motion or relied on to support the motion;

4. Plaintiff's opposition to any renewed motion shall be filed and served not later than thirty days after service of the renewed motion; and

5. Defendants' reply brief, if any, shall be filed and served not later than fourteen days after service of plaintiff's opposition; and

6. Plaintiff's June 26, 2012 motion is denied.

DATED: August 22, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
elal0300.ntc