IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEIKH MUFTII EL'ALI,

    Plaintiff,                  No. 2:11-cv-0300 GEB JFM (PC)

    vs.

C/O FRED GREER, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's original complaint, filed February 1, 2011. This matter is before the court on defendants' renewed motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[1] Defendants contend that plaintiff failed to exhaust administrative remedies prior to suit. Plaintiff opposes the motion.

/////

---

[1] Defendants' original motion to dismiss was filed November 21, 2011. On May 3, 2012, this court issued findings and recommendations recommending that the motion be granted. On August 23, 2012, the findings and recommendations were vacated in light of the decision of the Unites States Court of Appeals for the Ninth Circuit in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and defendants' motion was denied without prejudice to its renewal within thirty days. Defendants timely renewed their motion. Plaintiff's contention that the instant motion is precluded by principles of res judicata and/or collateral estoppel is without merit.

ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint contains the following allegations.  In his first claim for relief, plaintiff alleges that on September 8, 2010, defendant Correctional Officer F. Greer slammed plaintiff up against the wall, conducted a pat down search, and confiscated from plaintiff a vial of "Muslim Prayer Oil."  Ex. A-1 to Complaint, filed February 1, 2011, at 1.  Thereafter, defendant Greer released plaintiff to attend an appointment with an audiologist.  On plaintiff's way back from the appointment, plaintiff encountered defendant Greer and asked for return of his prayer oil.  Defendant Greer told plaintiff he didn't know what plaintiff was talking about and instructed him to get in line for his medications.  Defendant Greer went into the unit office.  Subsequently, he exited carrying a blue slip of paper.  He approached plaintiff and said "I'm going to break you down all the way if not physically."  Id. at 2.  Greer reached around plaintiff and attempted to put the blue slip of paper on top of a Holy Qur'an that was on top of plaintiff's walker seat pad.  As both plaintiff and Greer reached for the Qur'an, Greer grabbed plaintiff's right wrist and violently pulled it off the Qur'an.  As plaintiff attempted to protect the Qur'an, defendant Greer pulled, twisted and bent plaintiff's right arm, elbow and shoulder, and slapped plaintiff into the day-room wall, causing injury to plaintiff's left knee.  Another correctional officer approached and yelled to Greer to let plaintiff up.  Defendant Greer then handcuffed plaintiff.  On September 14, 2010, plaintiff was charged with battery on a peace officer, and on October 21, 2010, he was found guilty and assessed 121 days of lost behavioral credit.

In his second claim for relief, plaintiff alleges that on March 3, 2010, defendant Kimbriel questioned plaintiff about the turban plaintiff was wearing on his head, referring to it as a "rag."  Ex. A-2 to Complaint, at 1.  About fifteen minutes later, defendant Kimbriel went to plaintiff's cell, ordered plaintiff and his cell-mate out and began to trash the cell methodically.  Defendant Kimbriel read plaintiff's legal work.  Defendant Kimbriel generated a false report against plaintiff for destruction of state property.

1           In his third claim for relief, plaintiff alleges that on September 8, 2010, plaintiff
2 was placed in administrative segregation following the altercation with defendant Greer.
3 Plaintiff suffers from osteoarthritis with hypertrophic arthritis in his right and left hands.  Ex. D
4 to Complaint at 3.  This makes it very painful for him to write by hand.  Defendants Singh,
5 Bautista, and Arnold all knew that plaintiff pursuing a possible civil rights claim for unlawful use
6 of force and they conspired to separate him from his electric typewriter, which was necessary to
7 pursuit of the legal claim, by ordering a senior hearing officer to find plaintiff guilty of the
8 disciplinary charges and assess a loss of good time credits against plaintiff.  Id. at 4.  Defendant
9 Cheng refused to allow plaintiff to use a computer or state-owned typewriter, and defendant
10 Gibson found that a court order plaintiff had from the United States District Court for the Central
11 District of California providing that plaintiff needed access to "writing materials" did not specify
12 a typewriter as writing material.

                              DEFENDANTS' RENEWED MOTION TO DISMISS

14           Defendants again seek dismissal of this action on the ground that plaintiff failed to
15 exhaust administrative remedies for his claims prior to suit.
16           "Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

20 This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
21 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the
22 filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion
23 requirement during the course of an action.  Id. at 1200.  Claims dismissed for failure to exhaust
24 administrative remedies should be dismissed without prejudice.  Id.
25 /////
26 /////

At all times relevant to this action,[1]

> California's Department of Corrections provide[d] a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate . . . ordinarily [was to] file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue [was] not resolved during the informal appeal, the grievant next proceed[ed] to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next [was] the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)  Department regulations required that

> (1) Informal level responses shall be completed within ten working days.
>
> (2) First level responses shall be completed within 30 working days.
>
> (3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).
>
> (4) Third level responses shall be completed within 60 working days.

Cal.Code Regs., tit. 15, § 3084.6(b).  The time limits for reviewing appeals started on the date the appeal was received by the appeals coordinator. Cal.Code Regs., tit. 15, § 3084.6(a).

In support of their renewed motion to dismiss, defendants have presented the following evidence.

/////

/////

---

[1] The regulations governing inmate grievances were amended effective January 28, 2011 and now provide for three levels of administrative review of inmate grievances, omitting the informal level of review. See Cal. Code Regs. tit. 15 § 3084.7.

4

1         On September 14, 2010, plaintiff filed an inmate grievance alleging that on August 8, 2010 he was assaulted by prison staff and suffered multiple injuries.[2] See Sinkovich Decl. at ¶ 8 and Ex. B thereto.  The grievance was assigned Appeal Log No. CMF 10-M-2234.  On November 10, 2010, plaintiff was informed that the allegations did not demonstrate a violation of CDCR policy and that he could submit the grievance to the third and final level of administrative review.  Id. at ¶ 8.  There is no evidence he did so.  Id.

        On March 22, 2010, plaintiff submitted an inmate grievance from the events giving rise to his claim against defendant Kimbriel.  See Ex. C to Sinkovich Decl.  That appeal was denied at the first level of review on April 12, 2010 and withdrawn by plaintiff on May 17, 2010.  Id.  Plaintiff did not file any further grievances arising from theses events.  Sinkovich Decl. at ¶ 9.

        Plaintiff has not submitted any grievances concerning the events that form the basis of his third claim.  Id. at ¶ 10.

        In opposition to the motion, plaintiff contends that he mailed his grievance concerning his claim against defendant Greer to the third and final level of review following the November 10, 2010 decision at the final level of administrative review.  Plaintiff's Opposition to Renewed Motion to Dismiss, filed September 28, 2012 (Plaintiff's Opposition), at 14.  None of the evidence tendered by plaintiff in opposition to the motion supports this assertion.  See Exs. A and B to Plaintiff's Opposition.

/////

/////

---

[2] According to the allegations of plaintiff's complaint, the events involving defendant Greer occurred on September 8, 2010.  Plaintiff's administrative grievance refers to events of August 8, 2010, see Declaration of W. Sinkovich in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies, filed August 23, 2012 (Sinkovich Decl.) at ¶ 8 and Ex. B thereto.  It appears, however, that the events described in the grievance and the events that gave rise to plaintiff's claim against defendant Greer are the same.  For purposes of the instant motion, the court finds that the events at bar occurred on September 8, 2010, and that Appeal Log No. CMF 10-M-2234 was based on those events.

1  Plaintiff has presented no evidence that he exhausted administrative remedies
2 with respect to the events that gave rise to his second or third claims prior to filing this action.[3]
3  For all of the foregoing reasons, this court finds that plaintiff failed to exhaust
4 administrative remedies for any of the claims raised in this action prior to suit.  For that reason,
5 the action must be dismissed without prejudice.
6  In accordance with the above, IT IS HEREBY RECOMMENDED that:
7  1. Defendants' August 23, 2012 renewed motion to dismiss this action be
8 granted; and
9  2. This action be dismissed without prejudice for failure to exhaust administrative
10 remedies prior to suit.
11  These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Any response to the objections shall be
15 filed and served within fourteen days after service of the objections.  The parties are advised that
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////

---

[3] Evidence tendered by plaintiff with his January 30, 2012 opposition to defendants' first motion to dismiss shows that plaintiff submitted a grievance concerning defendant Cheng and Gibson's denial of access to his personal typewriter this grievance to the informal level of review on January 27, 2011, three days before he signed the original complaint in this action.  See Ex. E-1 to Plaintiff's Opposition.  As noted above, administrative exhaustion must precede the filing of a civil right action.  See McKinney v. Carey, 311 F.3d at 1200.  Plaintiff did not exhaust his claim against defendants Cheng and Gibson prior to filing this action.

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 29, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
elal0300.mtd2